IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

CHESTER SHORTS, and
PATRICK KRATZ,

    Plaintiffs

v.                                                                               C.A. No.: 4:13-cv-2794

PRIMECO AUTO TOWING, LLC, a Texas corporation; and,
JERICO AUTO TOWING, LLC, a Texas corporation; and,
MAHMOUD OTHMAN, an individual,

    Defendants.
_____/

## RESPONSE TO MOTION TO DISMISS

    Plaintiffs, CHESTER SHORTS, and PATRICK KRATZ, by and through their undersigned counsel, hereby file this Response to Defendant's Motion to Dismiss Amended Complaint (Doc. 10) filed on December 13, 2013, and states as follows:

**A. Standard for Motions to Dismiss.**

    Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957). *See also, Grisham v. United States,* 103 F.3d 24, 25-26 (5th Cir.1997). Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities Inc.,* 94 F.3d 189, 194 (5th Cir.1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994).

### B. Court's Addressing this Argument Have Rule the Complaint is Sufficient.

On January 2, 2014, the Honorable Sam Sparks entered an Order denying a very similar motion to dismiss in the matter of *Escobedo v. Longhorn Solar Corporation et al.*, Case 1:13-cv-00977-SS (W.D. Tex 2014). The Order, in pertinent part, states:

> IT IS ORDERED that the motion is DENIED as it is clear that there are factual matters which must be ascertained and determined regarding the "subject matter" jurisdictional argument. The plaintiffs pleadings adequately pass muster to the requirements of Federal Rules of Civil Procedure 12 requiring the determination complained of in the motion to be based on an evidentiary basis. Therefore, this order is not with prejudice to the filing of a motion for summary judgment wherein the factual matters, if any, can be specified, set out, or determined. More simply put, the contentions of the parties would best be served by motions for summary judgment with an evidentiary record.

*Id.* at (Doc. 10). A copy of that Order is attached hereto as Exhibit "A" for the Court's Convenience.

### C. Plaintiffs' Amended Complaint Sufficiently Alleges Individual Coverage.

Rule 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs have clearly placed Defendants on notice of their unpaid overtime claims pursuant to the FLSA and sufficiently pled allegations of individual coverage under the FLSA. Plaintiffs' Amended Complaint alleges:

> Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business.

(Doc. 7, ¶ 8). In light of the fact that "the plaintiff's [amended] complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true," the foregoing allegation is a sufficient factual allegation to show enterprise coverage under the FLSA. *Oppenheimer, supra.* Rule 8 of the Federal Rules of Civil Procedure does not require the detail Defendants argue is necessary to demonstrate individual coverage. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

### D. Plaintiffs' Amended Complaint Sufficiently Alleges Enterprise Coverage.

Rule 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for

entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs have clearly placed Defendants on notice of their unpaid overtime claims pursuant to the FLSA and sufficiently pled allegations of enterprise coverage. Plaintiffs' Amended Complaint alleges:

> At all times material to this complaint, Defendants were individually and jointly an enterprise engaged in interstate commerce or, in the alternative, owned and operated a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

(Doc. 7, ¶ 7). Hence, Defendant's Motion is merely arguing that the Plaintiffs have not provided a *formulaic recitation* of the elements of an "enterprise" as that term is defined under 29 U.S.C. § 203(s)(1). As Defendant has recognized, enterprise coverage requires that the enterprise:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1). However, what Defendants have missed is that the factual allegation set forth in paragraph 7 of the Amended Complaint clearly states that

Defendants "operated a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and **3(s)** of the Act, 29 U.S.C. § 203(r) and **203(s)**." (Doc. 7, ¶ 7)(emphasis added).  Subsumed in this allegation is the fact that Defendant is an enterprise with an annual volume of sales made or business done of not less than $500,000.00.   In light of the fact that "the plaintiff's [amended] complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true," the foregoing allegation is a sufficient factual allegation to show enterprise coverage under the FLSA.  *Oppenheimer, supra.*  Taking Defendant's argument to its furthest conclusion, Defendant would have the Plaintiffs allege the definitions of every term relevant to an FLSA claim.   However, as previously stated, Rule 8 of the Federal Rules of Civil Procedure does not require such detail.

### E.  Plaintiffs Should be Allowed to Amend.

In the event the Court finds that the Defendants' Motion is due to be granted, Plaintiffs believe they should be allowed the opportunity to cure the alleged deficiencies and file a Second Amended Complaint.  Plaintiffs' first amendment took place before service on the Defendants and was amended solely to add PATRICK KRATZ as a Plaintiff and MAHMOUD OTHMAN as a Defendant to this action.   Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires."  Fed.R.Civ.P. 15(a)(2).

A motion to amend ordinarily should be granted absent some justification for refusal.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

> The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment,..."

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir.2003) (alteration in original) (citation omitted).

WHEREFORE, Plaintiffs, CHESTER SHORTS, and PATRICK KRATZ, respectfully request that Defendants' Motion to Dismiss be denied in its entirety.

Respectfully submitted this 3rd day of January, 2014.

ROSS LAW GROUP

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 3, 2014, a true and correct copy of the foregoing was served upon the following via the Court's CM/ECF electronic filing system:

DANNY M. SHEENA, P.E.
HUNG MICHAEL NGUYEN
2500 West Loop South, Suite 518
Houston, Texas 77027-4508

                                         **CHARLES L. SCALISE**