IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESTER SHORTS, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2794 |
| | § | |
| PRIMECO AUTO TOWING, L.L.C., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendants Primeco Auto Towing, L.L.C. and Jerico Auto Towing, L.L.C.'s (collectively "defendants") Rule 12(b)(6) motion to dismiss. Dkt. 7. After considering the motion, response, and applicable law, the court finds that defendants' motion to dismiss should be GRANTED; however, plaintiffs are permitted leave to amend their complaint in order to remedy the deficiencies discussed in this opinion.

**I. BACKGROUND**

Plaintiff Chester Shorts ("Shorts") filed a complaint on September 22, 2013 against defendants for unpaid overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Dkt. 1 at 1, 3. The complaint alleges that defendants were engaged in interstate commerce and violated the FLSA by failing to compensate Shorts for hours worked in excess of forty hours per week. *Id.* at 2. Shorts amended his complaint, adding Patrick Kratz ("Kratz") as a plaintiff and Mahmoud Othman ("Othman") as a defendant. Dkt. 7 at 1, 2. The additions of Kratz and Othman were the only changes in the amended complaint. *Id.*; Dkt. 11 at 6. Defendants filed a motion to dismiss plaintiffs' complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiffs' amended

complaint insufficiently pled coverage under the FLSA. Dkt. 10 at 1. In response, plaintiffs assert that the complaint adequately provides a short and plain statement of the claim showing that they are entitled to relief as required by Rule 8(a)(2). Dkt. 11 at 3. In the alternative, plaintiffs ask for leave to amend their complaint should the court find that defendants' motion to dismiss is meritorious. *Id.* at 6.

## II. LEGAL STANDARD

As a general rule, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has "failed to state a claim upon which relief can be granted." *Id.* at 12(b)(6). In considering a Rule12(b)(6) motion to dismiss, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleadings must be sufficient to nudge the plaintiff's claims across "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

**A.     FLSA Coverage**

Defendants contend that plaintiffs have not stated a cause of action under the FLSA because they have not shown that defendants were engaged in interstate commerce or constituted an enterprise engaged in commerce as defined by the FLSA.  Under the FLSA, any employee "who is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" must receive time-and-a-half compensation for hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(2)(C).  The FLSA applies only to individuals and enterprises engaged in "activities constituting interstate commerce, not activities merely affecting commerce."  *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248 (1943)).  To properly plead a claim under the FLSA, plaintiffs must sufficiently allege individual or enterprise coverage, either of which is "enough to invoke FLSA protection."  *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis omitted).

*i.     Individual Coverage*

To adequately plead individual coverage under the FLSA, plaintiffs must allege that, at times relevant to their claim, they were "engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(2)(C).  Plaintiffs' complaint states that they "were individually engaged in commerce and their work was essential to Defendants' business."  Dkt. 7 at 2.  The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several states or between any state and any place outside thereof."  28 U.S.C. § 203(b).  In the context of the FLSA, "commerce" means interstate commerce.  *Polycarpe v. E & S Landscaping*

*Service, Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010) (interpreting the "plain meaning" of 29 U.S.C. § 203(b)). According to defendants, plaintiffs failed to plead individual coverage under the FLSA because they alleged no facts to show how they were engaged in interstate commerce or how they produced goods for interstate commerce. Plaintiffs maintain that their pleading is sufficient.

To determine whether there is individual coverage under the FLSA, the Fifth Circuit asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H. B. Zachary Co.*, 362 U.S. 310, 324, 80 S. Ct. 739 (1960) (citation omitted)). In *Sobrinio*, the Fifth Circuit held that a motel employee whose duties included chauffeuring guests was not engaged in interstate commerce because the work was not "entwined with a continuous stream of [interstate] commerce." *Id.* (quoting *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122, 1125 (5th Cir. 1979)). In contrast, the Fifth Circuit held in *Marshall* that bus drivers whose routes were "within walking distance of the bridge that connects Texas to Mexico" were engaged in interstate commerce because "transporting persons making international journeys was a regular, recurring, and substantial part" of their work. *Marshall*, 503 F.2d at 1125. *Sobrinio* and *Marshall* indicate that a plaintiff attempting to establish individual coverage under the FLSA must demonstrate a direct and substantial involvement with interstate commerce. *Sobrinio*, 474 F.3d at 829; *Marshall*, 503 F.2d at 1125.

In the motion to dismiss context, plaintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage. *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290,

4

at *3 (S.D. Tex. Jan. 7, 2014). The court in *Coleman* held that a plaintiff who did not "[plead] specific facts that establish individual or enterprise coverage," but instead only "recite[d] the statutory elements of FLSA coverage . . . fail[ed] to allege facts that, if taken as true, [would] establish coverage under the FLSA." *Id.*

Here, plaintiffs' amended complaint alleges no facts in support of individual coverage except that plaintiffs worked for defendants as tow truck drivers in Houston, Harris County, Texas. The *Iqbal* standard requires that plaintiffs "plead facts sufficient to allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Plaintiffs do not provide facts to support a conclusion that, as Houston tow truck drivers, they were engaged in interstate commerce. Therefore, they have not alleged a short and plain statement showing that they qualify for FLSA relief based on individual coverage as required by Rule 8(a)(2).

    ii.    *Enterprise Coverage*

Defendants also contend plaintiffs have not sufficiently pled enterprise coverage. The FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce," in relevant part, as

> an enterprise that . . . (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A).

Plaintiffs' amended complaint alleges that "Defendants were individually and jointly an enterprise engaged in interstate commerce or, in the alternative, owned and operated a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of

the Act." Dkt. 7 at 2. As in their allegation of individual coverage, plaintiffs do not include supplemental facts to bolster the conclusion that their employers were an enterprise engaged in commerce or the production of goods for commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A). Plaintiffs' allegations of enterprise coverage are conclusory statements, and they do not supply facts that would nudge that claim across "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, plaintiffs have also failed to adequately show that they qualify for FLSA relief based on enterprise coverage.

### B. Leave to Amend

Plaintiffs, alternatively, seek leave to amend their complaint in the event that the court grants defendants' motion to dismiss. Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course either (a) twenty-one days after serving it, or (b) twenty-one days after service of a required responsive pleading or Rule 12(b), (e), or (f) motion, whichever is earlier. FED. R. CIV. P. 15(a)(1). After that period has passed, Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). A defendant suffers prejudice when an amended pleading adds a claim that "would require the defendant to 'reopen discovery and prepare a defense for a claim'" that was not originally asserted. *Smith v. EMC Corp.*, 393 F.3d 590, 696 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Plaintiffs have already amended their complaint once as a matter of course within the appropriate time period. FED. R. CIV. P. 15(a)(1). Leave to amend would not unduly delay the case or prejudice defendants. *Foman*, 371 U.S. at 182. Further, there is no indication of bad faith or dilatory motive on plaintiffs' part; rather, it appears that plaintiffs believed their complaint sufficiently stated a claim upon which relief could be granted. *Id.* Therefore, the court will grant plaintiffs leave to amend their complaint.

### IV. CONCLUSION

Because plaintiffs have not set forth sufficient facts to support a reasonable inference that either individual or enterprise coverage under the FLSA applies to their case, the court finds that defendants' motion to dismiss for failure to state a claim (Dkt. 10) should be GRANTED. Plaintiffs, however, are granted leave to amend their complaint to cure these deficiencies. Plaintiffs have fourteen (14) days from the date of this order to do so.

It is so ORDERED.

Signed at Houston, Texas on July 22, 2014.

_____
Gray H. Miller
United States District Judge