IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

CHESTER SHORTS, and
PATRICK KRATZ,

    Plaintiffs

v.                                                          C.A. No.: 4:13-cv-2794

PRIMECO AUTO TOWING, LLC, a Texas corporation; and,
JERICO AUTO TOWING, LLC, a Texas corporation; and,
MAHMOUD OTHMAN, an individual,

    Defendants.
_____/

## RESPONSE TO MOTION TO DISMISS

Plaintiffs, CHESTER SHORTS, and PATRICK KRATZ, by and through their undersigned counsel, hereby file this Response to Defendant's Motion to Dismiss Second Amended Complaint (Doc. 18) filed on August 26, 2014, and states as follows:

**A. Standard for Motions to Dismiss.**

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also, Grisham v. United States,* 103 F.3d 24, 25-26 (5th Cir.1997). Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities Inc.,* 94 F.3d 189, 194 (5th Cir.1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994).

### B. Plaintiffs have plead sufficient facts to demonstrate FLSA coverage.

Defendant's reliance upon *Sobrinio v. Medical Center Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir.2007), is misplaced. In *Sobrino*, the Fifth Circuit affirmed **summary judgment** in the defendant's favor. The plaintiff was a driver and guard at the defendant's motel in Texas that housed patients and their families

who sought treatment at the Texas Medical Center in Houston. In *Sobrinio,* there was no evidence that the people staying at the defendant's motel were engaged in interstate commerce. The Fifth Circuit found the plaintiff's activities to be purely local in that he simply drove guests to and from the medical center and local stores. *Id.* Here, Defendant is requesting that the Court leap to the conclusion that driving people to the hospital is the same as performing towing services in interstate highways. Unfortunately, Defendant is comparing apples to oranges and has come to an erroneous conclusion that Plaintiffs have not sufficiently plead FLSA coverage.

The Plaintiffs' Second Amended Complaint and Demand for Jury Trial alleges, in pertinent part:

> Additionally, Plaintiffs were individually engaged in commerce or in the production of goods for commerce and their work was essential to Defendants' business. Plaintiffs performed work relating to the movement of vehicles in interstate commerce on interstate highways.
>
> Plaintiff, CHESTER SHORTS, worked for Defendants from April 10, 2010 through September 19, 2013, as a tow truck driver in Houston, Harris County, Texas. As a regular and recurring part of his duties, Plaintiff worked on the interstate highways and performed work on goods or products that have moved or are currently moving in interstate commerce, e.g., vehicles, fuel in the vehicles; therefore, he is individually covered under the FLSA.
>
> Plaintiff, PATRICK KRATZ, worked for Defendants from May of 2012 until May of 2013, as a tow truck driver in Houston, Harris County, Texas. As a regular and recurring part of his duties, Plaintiff worked on the interstate highways and performed work on goods or products that have moved or are currently moving in interstate commerce, e.g., vehicles, fuel in the vehicles; therefore, he is individually covered under the FLSA.

(Doc. 17, ¶¶ 12-14). These allegations are enough to demonstrate that Plaintiff worked on the channels of interstate commerce and were covered by the FLSA. In *Hale v. Spears Wrecker Service*, LLC, 2011 WL 1930670 (N.D. Ok. 2011), the court stated:

> The Court agrees with the conclusions in *Gray* and *Crook* that towing services performed on instrumentalities of interstate commerce are essential and indispensable to the interstate movement of people and goods. As the Supreme Court acknowledged in *Overstreet,* those engaged in the maintenance and repair of roads used in interstate commerce are engaged in commerce because "without their services these instrumentalities would not be open to the passage of goods and persons across state lines." 318 U.S. at 130. The same is true of those who clear wreckage from instrumentalities of interstate commerce. Here, plaintiff has alleged that he cleared portions of interstate highways located in Oklahoma. Dkt. # 19, at 14. Those portions of interstate highways are used in the transit of people and goods across state lines. Plaintiff also attests that until he performed those services, the highways were often subject to delay or closure. Dkt. # 19, at 14. Taking plaintiff's testimony in the light most favorable to him, a genuine issue of material fact exists as to whether plaintiff's work involved clearing roads for the flow of interstate commerce. If so, he would have been essential and indispensable to the interstate movement of goods, and, therefore, he would have been engaged in commerce for purposes of the FLSA.[7] Defendants have not argued that any of the exceptions to the overtime provisions in the FLSA are applicable. Therefore, defendants' motion for summary judgment on plaintiff's FLSA claim is denied based on the factual issue of the work he performed. If plaintiff shows his work affected the flow of interstate commerce, he is entitled to FLSA coverage.

*Id* at *7.

This well-established law regarding the relationship of road maintenance to interstate commerce has been adopted to support a finding that employees of

wrecking and towing businesses were engaged in commerce for purposes of the FLSA when removing vehicles from instrumentalities of interstate commerce. *See Gray v. Swanney–McDonald, Inc.,* 436 F.2d 652 (9th Cir.1971); *Crook v. Bryant,* 265 F.2d 541 (4th Cir.1959); *Brennan v. Parnham,* 366 F.Supp. 1014, 1026 (W.D.Pa.1974)(stating as a conclusion of law that "[t]he majority of defendant's employees were required to drive tow trucks, to clear and remove wrecks and disabled vehicles from the interstate highway and, accordingly, engaged in commerce within the meaning of the [FLSA] because their regular towing activities cleared the channels of interstate commerce"); *but see Jacoby v. Schimka Auto Wreckers, Inc.,* No. 10 C 1452, 2010 WL 3171515 (N.D.Ill. Aug. 11, 2010).

In *Gray,* the Ninth Circuit considered whether drivers who, as employees of a towing company, serviced "a number of Interstate and U.S. Highways making up the freeway system of Los Angeles," and, who, on rare occasions, serviced calls "made out of this area" or "out of state," were engaged in commerce for purposes of the FLSA. 436 F.2d at 653. The defendant argued that, because its employees spent so little time doing work that affected interstate commerce, that aspect of their duties was *de minimis* and did not result in FLSA coverage. *Id.* The *Gray* court disagreed, finding that "[t]he servicing of traffic moving on interstate highways is a significant part of interstate commerce," and that "provision of towing and road services for the national highway system is essential to the free flow of traffic on

that system." *Id.* It therefore concluded that the drivers were engaged in commerce for FLSA purposes, regardless of the amount of time spent on work of an interstate nature.

In *Crook,* the Fourth Circuit considered whether an employee of a wrecker service, who served as night watchman and janitor and who answered all telephone calls relating to the wrecker service, was an employee engaged in commerce under the FLSA. The wrecker service "furnished 24–hour wrecker and towing service ... on nineteen miles of a turnpike running from Beckley[, West Virginia] to Flat Top, West Virginia." 265 F.2d at 542. The court found that the turnpike was a connecting link of the system of interstate highways, and that it "serve[d] as an instrumentality of interstate commerce although it [was located] solely in a single state." *Id.* at 543. Moreover, the court found that "the services of the employee, insofar as they help to maintain the road free from obstruction, facilitated the flow of commerce from state to state." *Id.* On those grounds, the *Crook* court found it "obvious that the services rendered by [plaintiff] in connection with the wrecking business of his employers[ ] helped to keep the interstate flow of traffic free and unobstructed and, hence, were rendered 'in commerce' within the meaning of the [FLSA]." *Id.*

None of the decisions cited by Defendant it its Motion address the issue of Plaintiffs' status as tow truck drivers on interstate highways. Hence, Defendant's

analysis is flawed.

Rule 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs have clearly placed Defendants on notice of their unpaid overtime claims pursuant to the FLSA and sufficiently pled allegations of individual coverage under the FLSA.

WHEREFORE, Plaintiffs, CHESTER SHORTS, and PATRICK KRATZ, respectfully request that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 18) be denied in its entirety.

Respectfully submitted this 16th day of February, 2014.

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on September 16, 2014, a true and correct copy of the foregoing was served upon the following via the Court's CM/ECF electronic filing system:

DANNY M. SHEENA, P.E.
HUNG MICHAEL NGUYEN
2500 West Loop South, Suite 518
Houston, Texas 77027-4508

_____
**CHARLES L. SCALISE**