IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHESTER SHORTS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION H-13-2794 |
| § | |
| PRIMECO AUTO TOWING, L.L.C., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendants Primeco Auto Towing, L.L.C. and Jerico Auto Towing, L.L.C.'s (collectively "defendants")[1] Rule 12(b)(6) motion to dismiss plaintiffs' second amended complaint. Dkt. 18. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

Plaintiffs, Chester Shorts and Patrick Kratz, were employed as tow truck drivers for the defendants. They bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for minimum wage and overtime pay violations. The court previously granted defendants' motion to dismiss, finding that plaintiffs' complaint failed to allege sufficient facts pleading individual or enterprise coverage under the FLSA. Dkt. 16. However, the court granted plaintiffs leave to amend their complaint in order to cure this deficiency. Defendants now move to dismiss plaintiffs' second amended complaint on the same basis, arguing that plaintiffs have pled insufficient facts demonstrating that they are covered employees under the FLSA.

---

[1] The court notes that defendant, Mahmoud Othman, does not join in this motion to dismiss.

## II. LEGAL STANDARD

As a general rule, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has "failed to state a claim upon which relief can be granted." *Id.* at 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleadings must be sufficient to nudge the plaintiff's claims across "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Defendants contend that plaintiffs, as local tow truck drivers, cannot state a cause of action because they have not shown that they are covered employees under the FLSA. To establish coverage under the FLSA, an employee must demonstrate that he was either "engaged in commerce or in the production of goods for commerce" (individual coverage) or employed in an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage). 29 U.S.C.

§ 207(a); *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). Either individual or enterprise coverage is sufficient to invoke FLSA protection. *Id.* The employee bringing the claim under the FLSA has the burden of establishing that he is entitled to the FLSA's protections. *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 830 (5th Cir. 2007).

Plaintiffs claim both individual and enterprise coverage. To determine whether there is individual coverage under the FLSA, the Fifth Circuit asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Id.* at 829 (quoting *Mitchell v. H. B. Zachary Co.*, 362 U.S. 310, 324, 80 S. Ct. 739 (1960) (citation omitted)). Defendants dispute that purely local tow truck drivers can show that they are engaged in interstate commerce.

However, courts considering FLSA coverage of wrecker or tow truck drivers have generally found that these employees engage in commerce when their duties include removing vehicles from interstate highways such that the flow of traffic remains unobstructed. *See, e.g. Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 653 (9th Cir. 1971) *Hale v. Spears Wrecker Service, L.L.C.*, 2011 WL 1930670, at *4 (N.D. Okla. May 19, 2011) ("towing services performed on instrumentalities of interstate commerce are essential and indispensable to the interstate movement of people and goods"). Analogously, courts have also determined that ambulance drivers are covered by the FLSA because these employees respond to emergencies "on streets and highways over which flows significant commerce between the states" and "[a]s an integral part of their work, plaintiffs remove obstructions from such streets and highways as to enable commerce to move freely." *Benson v. Universal Ambulance Serv., Inc.*, 675 F.2d 783, 786 (6th Cir. 1982); *see also Alvarez v. Amb-Trans,*

*Inc.*, 2012 WL 4103876, at *3 (W.D. Tex. Sept. 17, 2012) (ambulance drivers "routinely avail themselves of road systems that facilitate interstate commerce").

Additionally, the court must consider the principles of law underlying the FLSA. The Supreme Court has instructed that the FLSA extends "throughout the farthest reaches of the channels of interstate commerce." *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 567, 63 S. Ct. 332 (1943); *see also Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122, 1123 (5th Cir. 1979). The term "commerce" should be given a liberal construction, and "any regular contact with commerce, no matter how small, will result in coverage." *Id.* at 1124 (citations omitted).

Here, plaintiffs' second amended complaint includes greater factual detail sufficiently alleging individual coverage. Specifically, plaintiffs allege that they were employed as tow truck drivers "who render[ed] roadside automotive repair services and tow[ed] disabled or abandoned vehicles on city streets, state highways and interstate freeways." Dkt. 17, p. 3-4. Further, they "performed work relating to the movement of vehicles in interstate commerce on interstate highways." *Id.* at 4. Plaintiffs' amended factual allegations adequately allege that they performed services which were essential to maintaining the free flow of traffic on interstate highways. Given the broad construction the court must apply and the expanded allegations in plaintiffs' second amended complaint, the court finds that plaintiffs were engaged in commerce as is required to establish individual coverage under the FLSA.[2]

---

[2] Because the court finds that plaintiffs' allegations are sufficient to invoke individual coverage, the court will not address plaintiffs' claim to enterprise coverage.

## IV. CONCLUSION

Plaintiffs' factual assertions in their second amended complaint sufficiently allege individual coverage under the FLSA. Therefore, the court finds that defendants' motion to dismiss plaintiffs' second amended complaint (Dkt. 18) should be DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 12, 2015.

_____
Gray H. Miller
United States District Judge